# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| CHARLES KAFEITI, | § | |
| Reg. No. 23566-509, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Cause No. EP-23-CV-463-KC |
| | § | |
| WARDEN, FCI La Tuna-Camp, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Charles Kafeiti challenges his conviction through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1.[1] His petition is dismissed without prejudice for the following reasons.

## BACKGROUND AND PROCEDURAL HISTORY

Kafeiti is a 60-year-old inmate confined at the La Tuna Federal Correctional Institution in Anthony, Texas. *See* Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 23566-509, last visited Feb. 21, 2024). His projected release date is May 15, 2025. *Id*.

Kafeiti was sentenced on July 12, 2023, to 24 months' imprisonment after he pleaded guilty to a one-count information charging him with conspiracy to commit mail fraud. *See United States v. Kafeiti*, 2:20-CR-578-JMA (E.D. N.Y.), J. Crim. Case, ECF No. 27 at 1–2. At the time of his sentencing, he also consented to forfeit $360,000. *Id*., Preliminary Order of Forfeiture, ECF No. 27-1. According to the information:

> In or about and between November 2013 and November 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CHARLES KAFEITI, together with others, engaged in a direct-mail scheme that sent fraudulent prize notification mailings to thousands of consumers

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in this matter. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

across the United States. The mailings induced consumers (the "Victims") to pay a fee in exchange for a falsely promised large cash prize. The object and purpose of the scheme was to obtain money from the Victims by means of false and fraudulent statements and material concealments of fact in the mailings. None of the Victims who sent a fee in response to a fraudulent prize notification mailing from the direct-mail scheme ever received a large cash prize.

*Id.*, Information, ECF No. 4 at 1–2.

Kafeiti has neither appealed his conviction nor filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. He has a motion to reduce his sentence pending before the New York trial court.

Kafeiti claims in his § 2241 petition that the "United States lacked [a] legal basis for 'standing' to satisfy the 1st (injury), 2nd (causal connection) and 3rd (redress available) elements necessary to invoke Article III, sec. 2, cl. 1 powers." Pet'r's Pet., ECF No. 1 at 6. He further claims that the trial court violated his due process rights by failing to follow the rules of procedure. *Id.* at 7. He also alleges that his *Miranda* rights were violated. *Id.* at 8. He asks the Court to order his "[i]mmediate release from illegal and unconstitutional imprisonment." *Id.*

## STANDARD OF REVIEW

As a preliminary matter, a reviewing court must determine whether a claim is properly raised in a § 2241 petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254 R. 4; *see* R. 1 ("The district court may apply any or all of these rules to a habeas corpus petition ...").

"A section 2241 petition for habeas corpus [may attack] the manner in which his sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a § 2241 petitioner must show he is "in custody

in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). A § 2241 petitioner may make this attack only in the district court with jurisdiction over his custodian. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

By contrast, a motion to vacate or correct a sentence pursuant to § 2255 "'provides the primary means of collateral attack on a federal sentence.'" *Pack*, 218 F.3d at 451 (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). Relief under § 2255 is warranted for errors which occurred at trial or sentencing. *Cox,* 911 F.2d at 1114 (5th Cir. 1990); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997); *Solsona v. Warden, F.C.I.,* 821 F.2d 1129, 1131 (5th Cir. 1987). A § 2255 movant may only bring his motion in the district of conviction and sentence. *Pack*, 218 F.3d at 452.

Consequently, a federal prisoner who wants to challenge his sentence must generally seek relief under § 2255. *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). He may challenge his sentence in a § 2241 proceeding only if his claims fall within the "savings clause" of § 2255(e). *Id.* Section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added). Case law establishes a petitioner must satisfy a two-prong test to successfully invoke the savings clause:

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal,

or first § 2255 motion.

*Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Moreover, a petitioner must prove both prongs. *Padilla*, 416 F.3d at 426. Undeniably, a § 2241 petition is not a mere substitute for a § 2255 motion—and the petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective. *Reyes-Requena*, 243 F.3d at 901 (citing *Pack*, 218 F.3d at 452; *Kinder v. Purdy*, 222 F.3d 209, 214 (5th Cir. 2000)).

## ANALYSIS

Kafeiti asserts his conviction was "taken in [the] absence of Article III authority." Pet'r's Pet., ECF No. 1 at 2. But he does not challenge "the manner in which his sentence is carried out or the prison authorities' determination of its duration." *Pack*, 218 F.3d at 451. So, a § 2255 motion—not a § 2241 petition—would provide the primary means for Kafeiti to collaterally attack his federal sentence. *Id*.

Kafeiti still has the opportunity to file a timely § 2255 motion in the Eastern District of New York. And he does not identify in his petition a Supreme Court decision retroactively applicable to his criminal case which establishes that he may have been convicted of a nonexistent offense. So, he cannot meet his burden of showing that his claims fall within the "savings clause" of § 2255(e)—and that a § 2255 motion is inadequate or ineffective to test the legality of his detention.

## CONCLUSION AND ORDERS

The Court concludes that Kafeiti's claims are not cognizable under § 2255's savings clause. Hence, due to the nature of his claims, it concludes that it plainly appears from Kafeiti' petition that he is not entitled to § 2241 relief. It accordingly enters the following orders:

**IT IS ORDERED** that that Kafeiti's *pro se* "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that all pending motions in this cause are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that, to the extent that Kafeiti' petition may be construed as a motion under 28 U.S.C. § 2255, he is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SIGNED this 21st day of February, 2024.**

_____
**KATHLEEN CARDONE**
**UNITED STATES DISTRICT JUDGE**